IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**KENNETH JOHNSON, et al.,**

    Plaintiffs,

v.

**LOWNDES COUNTY BOARD OF EDUCATION, et al.**,

    Defendants.

Civil Action No. 7:14-CV-157 (HL)

### ORDER

Before the Court are various motions by the parties and non-party Cable News Network, Inc.[1] The Court held a hearing on these motions on January 14, 2015. For the reasons stated below, the Court grants Plaintiffs' Motion for Remand (Doc. 7) and finds the remaining motions to be moot.

A review of the procedural history of this case and the underlying state action is necessary. Sometime in 2014 Plaintiffs filed a complaint against Defendants in the Superior Court of Lowndes County, Georgia. The lawsuit was brought by Kenneth and Jacquelyn Johnson as personal representatives of their deceased son Kendrick Johnson and by Jacquelyn Johnson as administrator of Kendrick's estate (collectively "Plaintiffs"). Kendrick Johnson had tragically died

---

[1] These motions include Defendants' Motions for a More Definite Statement (Docs. 3, 11), Motion to Consolidate the Cases (Doc. 4), and Motion for a Protective Order (Doc. 5); Plaintiffs' Motion to Remand (Doc. 7); and Cable News Network's Motion to Intervene (Doc. 9).

at Lowndes County High School, where he was a student, on January 10, 2013, and Plaintiffs alleged that the Lowndes County Board of Education and various employees of the board and high school were civilly liable for Kendrick's death. In addition to various tort claims based on state law, the lawsuit alleged that Defendants had violated Kendrick's equal protection rights and discriminated against him in violation of Title VI of the Civil Rights Act of 1964 ("Title VI").

On September 10, 2014, Defendants acknowledged receipt and service of the complaint, before then removing the action to federal court on October 10. The equal protection and Title VI claims provided Defendants with proper grounds for removal and established subject matter jurisdiction for this Court. See 28 U.S.C. §§ 1331, 1367(a), 1441(a). The Court had original jurisdiction over the federal claims and supplemental jurisdiction over the state law claims. On October 30, Plaintiffs amended their complaint to omit the federal claims and on the same day moved to remand the action to state court. Defendants oppose remanding the case.

Contrary to Plaintiffs' assertions, deleting the federal claims from their complaint did not divest this Court of subject matter jurisdiction over the remaining claims that are based on state law. For cases removed to federal court, whether federal subject matter jurisdiction has been properly established is determined by examining the complaint at the time of removal. See Behlen v.

2

Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002). If an action includes both federal and state law claims that are based on the same set of facts, the federal court has original jurisdiction over the federal claims and supplemental jurisdiction over the state law claims. See Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997); 28 U.S.C. § 1367(a). A plaintiff's amendment of her complaint to omit the federal claims does not destroy federal subject matter jurisdiction if there was a federal question when the action was first removed. See Behlen, 311 F.3d at 1095. The federal court would still have supplemental jurisdiction over the state claims. Id.; see also Baggett, 117 F.3d at 1352 (dealing with a case that was originally filed in federal court but in which the federal claims had been dismissed). Thus, this Court could choose to exercise supplemental jurisdiction over Plaintiffs' state law claims despite their decision to drop the equal protection and Title VI claims.

      Whether a federal court decides to maintain supplemental jurisdiction over the state law claims that remain is left to its discretion, although certain factors should be considered. In weighing the wisdom of continuing to exercise supplemental jurisdiction, courts should "take into account concerns of comity, judicial economy, convenience, fairness, and the like." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001). Although courts must also consider the question of forum manipulation, this issue is not determinative if the

3

balance of the factors weighs in favor of remand. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 356 n. 12, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Federal courts must always bear in mind that "[s]tate courts, not federal courts, should be the final arbiters of state law." Baggett, 117 F.3d at 1353. A court should normally decline to exercise supplemental jurisdiction over state claims if, prior to trial, the federal claims disappear from the case. Id.; see also Carnegie-Mellon, 484 U.S. at 350, n. 7.

While appreciating Defendants' frustration with how Plaintiffs have handled this case, the Court is convinced that its most prudent course would be to remand this matter to state court, declining supplemental jurisdiction over the state law claims. See Lewis, 260 F.3d at 1267 ("If the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441."). Doing so will foster comity with state courts, which are best situated to adjudicate these claims. Given how recently this case was removed from state court and the fact that all the parties reside in Lowndes County, remand will also serve the interests of judicial economy, fairness, and the convenience of the parties. Defendants' forum manipulation concerns are not without merit, but this issue alone does not convince the Court to retain jurisdiction in light of the totality of the factors.

Therefore, Plaintiffs' Motion to Remand (Doc. 7) is granted, and all other motions are now moot. Pursuant to 28 U.S.C. § 1367(c)(3), this case is remanded to the Superior Court of Lowndes County, Georgia. See Shelley v. City of Headland, No. 1:09-cv-509-WKW, 2009 WL 2171898, at *2, n. 2, (M.D. Ala. July 21, 2009) (citing authority for the proposition that a federal court has discretion under § 1367(c)(3) to remand a case when the plaintiff amends her complaint to omit federal claims).

**SO ORDERED**, this the 28th day of January, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

scr